UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN JAMES ALLEN WOODALL,<br>Plaintiff,<br>v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br>Defendants. | Case No.: 3:26-cv-6440-CAB-JLB<br>**ORDER DENYING MOTION TO PROCEED IFP**<br>**[Doc. No. 2]** |

On November 12, 2026, Plaintiff Shawn James Allen Woodall, proceeding *pro se*, filed this action against Defendants U.S. Department of Homeland Security, Markwayne Mullin, U.S. Department of the Treasury, and Bureau of the Fiscal Service pursuant to 28 U.S.C. § 1361 and 5 U.S.C. §§ 702, 706. [Doc. No. 1.] Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.]

Generally, all parties instituting a civil action in this Court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). But under 28 U.S.C. § 1915(a), the Court may authorize any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is

sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). Granting or denying leave to proceed IFP in civil cases is within the district court's sound discretion. *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Plaintiff's application reports no monthly income of any kind. [*See* Doc. No. 2 at 1.] Plaintiff lists his expenses at $662 per month, [*id.* at 3], but does not explain how he pays these expenses. Further, Plaintiff did not submit page 4 of Form AO 239 and failed to itemize his expenses with the particularity required. [*See id.*] Therefore, Plaintiff's application is incomplete, and the Court cannot determine whether Plaintiff can pay the filing fee.

The Court **DENIES** Plaintiff's motion to proceed IFP **WITHOUT PREJUDICE**. [Doc. No. 2.] By **December 24, 2026**, Plaintiff must either pay the $405 filing fee in full or file a complete amended application to proceed IFP addressing the deficiencies listed above. If Plaintiff fails to do either, this action will be **DISMISSED**.

It is **SO ORDERED**.

Dated: November 24, 2026

Hon. Cathy Ann Bencivengo
United States District Judge